**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 18, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-40814
_____

TESORO SAVINGS & LOAN; ET AL.,

Plaintiffs,

TARECO PROPERTIES INC, the successor in interest of
plaintiff Federal Deposit Insurance Corporation, as
Manager of the FSLIC Resolution Fund,

Plaintiff - Appellee,


versus

GOLD PARK DEVELOPMENT; ET AL.,

Defendants,

STEVE MORRISS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(USDC Nos. L-92-14 & L-92-15)

March 18, 2003

Before REAVLEY, JOLLY, and JONES, Circuit Judges.

PER CURIAM:[*]

Defendant Steve Morriss appeals a district court order denying
his request for relief from judgment pursuant to Rule 60(b)(4) of
the Federal Rules of Civil Procedure.  Specifically, Morriss argues
that the district court erred by not giving preclusive effect to a

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

prior interlocutory order of the Chancery Court of Williamson County, Tennessee, which concluded that Morriss was not served with written notice of the removal of this case to federal court and with the summary judgment motion that gave rise to the judgment entered against him and that the judgment entered against him in this case was, therefore, void on due process grounds.

After consideration of the briefs, the oral arguments, and the record in this case, we are convinced that the district court did not err in denying Morriss' motion for relief. Morriss has failed to convince us that we are required to give preclusive effect to the findings of the Tennessee Chancery Court – findings in a tentative order that merely reversed a grant of summary judgment against Morriss without conclusively adjudicating the rights of the parties. Morriss has also failed to establish that he did not receive <u>actual</u> notice of the removal of his case to federal court or the motion for summary judgment filed against him. Morriss' failure to make this showing is fatal to his due process argument and his request for relief pursuant to Rule 60(b)(4) because without such a showing Morriss cannot establish the existence of a procedural error of constitutional significance or any meaningful prejudice against him.

Furthermore, we agree with the district court that any lack of actual notice and opportunity to be heard was due primarily to Morriss' own failure to monitor the litigation, clarify his apparent <u>pro se</u> status, and notify the courts and the parties of an

2

address at which he could be served.  Because Morriss has failed to show that he met his own procedural obligations in state or federal court, he can not reasonably complain now that the FDIC's failure to serve him amounts to a prejudicial, constitutional error. Morriss cannot reap a windfall from circumstances for which he is ultimately responsible.  Cf. New York Life Insurance Co. v. Brown, 84 F.3d 137, 142-43 (5th Cir. 1996).  Consequently, we affirm the order of the district court.

AFFIRMED.